IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| BRODERICK DEON PATTERSON, § | |
| TDCJ No. 01783685, § | |
| § | |
| Petitioner, § | |
| § | |
| § | |
| v. § | Civil Action No. 7:18-cv-00028-O-BP |
| § | |
| LORIE DAVIS, Director, § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
| § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner Broderick Deon Patterson, an inmate confined in the Allred Unit of the Texas Department of Criminal Justice in Iowa Park, Texas, brings this action pursuant to 28 U.S.C. § 2254. ECF No. 1.

Patterson challenges the validity of disciplinary action no. 20180017986, which was taken against him at the George Beto Unit in Tennessee Colony, TX for the offense involving the obstruction of governmental operations under Texas Penal Code § 38.11. ECF No. 1 at 5. Patterson states that the disciplinary case resulted in 150 days good time lost, demotion from minimum custody to closed custody, line class reduction from S4 to L2, forty-five day commissary and cell restriction, and transfer to a maximum security unit. *Id.* In support of his petition, Patterson argues that "the disciplinary hearing officer was not fair and impartial in rendering a decision on the evidence and lack of evidence" against him. *Id.* at 6.

However, Patterson has failed to state a colorable claim for habeas corpus relief. Inmates generally do not have protected liberty interests in their privileges. *See Sandin v. Conner*, 515 U.S.

472, 484 (1995) (holding that a prisoner's liberty interest is "generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life"). Constitutional concerns could arise where restrictions on privileges represent atypical and significant hardship in relation to the ordinary incidents of prison life. However, temporary restrictions such as those imposed against Patterson do not raise such concerns.

Patterson concedes that he is not eligible for mandatory supervised release. ECF No. 8. Therefore, he had no constitutionally protected liberty interest at stake during the disciplinary proceeding. *See Madison v. Parker*, 104 F.3d 765, 769 (5th Cir. 1997) (holding that the state may create a constitutionally protected liberty interest requiring a higher level of due process where good-time credits are forfeited in a disciplinary action against an inmate eligible for mandatory supervised release). Moreover, changes in the conditions of Patterson's confinement resulting from the disciplinary action taken against him do not affect the duration of his confinement and do not constitute atypical, significant hardships going beyond the ordinary incidents of prison life. *Madison*, 104 F.3d at 768; *Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 493 (1973)). Absent such a liberty interest, due process does not attach to a prison disciplinary action.

For the foregoing reasons, the undersigned **RECOMMENDS** that the petition for writ of habeas corpus be **DENIED**.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an

objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

Signed March 20, 2018.

*Hal R. Ray, Jr.*
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE